First case is M2M Solutions v. Amazon, 2022-11-22 and 11-24. Mr. Hinchke. Good morning. May it please the court. We're confronted here with a PTAB board that was simply unwilling to decide the arguments actually raised in the petitions on the merits and went to extraordinary lengths to avoid doing so in a variety of different ways. One prime example of this is that the boards made extensive and dispositive reliance on its own sua sponte, unpatentability theories that had never been raised in Amazon's petitions or elsewhere in the IPR proceedings below. So as we see in arguments B and C in the blue brief, this occurred in relation to the requirements in the independent claims and certain dependent claims about management instructions needing to be based upon the results of processing certain types of consumer information. By relying on its own sua sponte, unpatentability theories, the board committed substantive violations of statutory law which constitute reversible legal error. When you say impermissible sua sponte, unpatentability theory, can you just quickly identify what is that theory that you believe the board relied upon that was impermissible for it to do? Well, there's many different theories, Your Honor. We walked through probably six or seven of them specifically identifying and explaining which ones were sua sponte in nature in the briefing. I can rattle some of those off to you if you'd like, but I mean it's spelled out in great detail there. And, you know, the reason... I guess, well, then, to put a finer point on it, as I understand it, the board found your claims unpatentable, M2M's claims unpatentable, under a broader understanding of the managing claim limitation and then a narrower understanding of the managing claim limitation that you, M2M, urged. Am I right? And it's the narrower interpretation that it then went forward and found the claims to be unpatentable even under your narrower construction that you're saying is a sua sponte theory by them? Well, yes, several sua sponte theories. Yes, the board, right from the start, said it was rejecting M2M's claim construction, but nonetheless, essentially the entirety of its analysis in both IPRs and both final written decisions is under M2M's claim construction. Well, it also found the claims unpatentable under the broader construction of the managing limitation, right? That's true, but... Okay, so it found it unpatentable under both ways. And then you're saying under your narrower understanding of the claim, that was unfair because the petition didn't raise that theory. Under M2M's correct construction of the claims, the board's entire analysis essentially was devoted to sua sponte, unpatentability theories that had never been raised in the petition. So what about the IPR petition in A396, when the petitioner said, you know, alternatively, even if the board were to apply M2M's incorrect narrower construction, these claims are still no good because CLOBA teaches a one-up, one-down transmission, where the one-down transmission is based upon, the instructions in the one-down transmission are based upon all of the selections and preferences the customer sends up in the one-up transmission from the customer device to the server. You don't think that was an alternative theory raised in the petition at A396? That was a theory raised under Amazon's own claim construction, where merely the sending of a transmission needs to be based upon... No, no, no, that's not correct. If you look at 396... I mean, we could read it out loud together. Do you have A396 with you? Yes, I do. So I don't have it in front of me. Please read it. You don't have the JA396 in front of you? Oh, excuse me, 396. Yeah, I do. Okay. Shall we read it together? Yeah, which sentence did you have in mind, Your Honor? Okay, look at line 3. Finally, even if the board adopts the incorrect construction proposed by a patent owner in the prior related IPR proceedings, that the claimed management instructions must be based upon the results of having processed at least some of the received consumer usage information, CLOBA still discloses this limitation. And then the paragraph goes on and talks about the section of CLOBA, which is really about the one-up transmission, one-down transmission embodiment in Figure 1X that I was talking about before. So therefore, this is pretty clear to me that the petition did provide this alternate theory of unpatentability of the managing limitation based on your M2M narrower construction of the managing limitation. I'm not suggesting that the patent didn't provide some theories by Amazon. Excuse me, the petition didn't provide some theories by Amazon about how M2M's construction is met. What I'm saying is the board did not follow those theories. It followed its own different theories. This particular theory here, and it's the one Amazon used throughout the petitions, is a theory that CLOBA's DELTA instructions would serve as downloading instructions and that they would download new files relating to the consumer usage information onto the mobile devices. I don't see the word DELTA's in this paragraph. If you read through this passage, there needs to be instructions that are based upon the results of processing consumer usage information. The only instructions that have been identified in this analysis are the instructions appearing in CLOBA at 2011-17, which are what we refer to as the DELTA instructions. What Amazon was arguing is that... There's no citations to that column and line in this alternate theory in the petition. It would come earlier in the analysis. It cites the figure 1X. It cites the column 51-56. This is all about the one-up transmission, one-down transmission. Yes, but where are the management instructions? None of those sites contain sites to management instructions. Well, CLOBA doesn't say management instructions, but it does talk about sending preferred information and instructions in the one-down transmission. No, it does not. In its passages about downloading and one-down transmissions, it does not mention instructions. None of these sites here mention instructions. Well, it talks about a synchronization process in this passage of CLOBA. Yes. And it talks about how in the one-down transmission you're sending information and synchronization changes. Correct. Then later in that same paragraph, it talks about information and instructions are sent. They're cached and then they're sent. None of these citations... And then the board said, yes, when I look at this paragraph, it's talking about sending management instructions, i.e. synchronization instructions. That's a fact-finding. It's supported by substantial evidence. The board is relying on a completely different theory, Your Honor. What Amazon is saying is that there are downloading instructions that are therefore based upon the results of processing this consumer usage information and that those downloading instructions in particular include the DELTA instructions. The board did not find that there were downloading instructions that satisfy these claim elements. The board, in fact, rejected the idea that Amazon had ever even asserted any kind of downloading instructions theory. Counsel, you're well into the second half of your time. Are there other issues you want to raise? You made a general statement earlier about super-spontane projections and you've been responding to Judge Chin on one of them. See if there are other issues you wanted to address. I do, but I'd like to reserve three minutes for rebuttal. Would I be able to use a bit more of my opening time here? Absolutely. Okay, let me please do that. So we have gone through and specifically pointed out all of the sui sponte theories that the board raised that were completely different than anything that was in the petition. And Amazon has never come back in the red brief and said, no, those weren't sui sponte theories. Here's where we actually raised those in the petition. Look at the petition page X. Amazon never did that and could not do that because the several sui sponte theories that were actually at the absolute heart of the board's analysis were never in the petitions and Amazon hasn't even tried to show where they were in the petitions in its briefing. What Amazon has done instead is to try to defend the board's sui sponte theories on the merits, to say these sui sponte unpatentability theories that the board has raised are supported by substantial evidence. And even gone so far as to say that that would then be harmless error if the board's sui sponte theories were supported by substantial evidence. But that's not the law. That's not how the law works. As a matter of law, it's legally irrelevant whether or not the board's sui sponte theories are supported by substantial evidence. It's an outright violation of statutory law for the board to rely upon them irrespective of their degree of merit. What if we disagree with this argument by you? What if we look at the petition at A396 and then the second petition at A5196-97 and say these are preserved, raised, alternate theories and that the board adopted those theories? So what if we reach that conclusion based on a review of the record? The only way we get to harmless error here is to find theories that were completely independent of the unlawful sui sponte theories and that were themselves supported by substantial evidence that the board relied upon. Here's another question. These patents, they're about to expire. Is that right? Priority date goes back pretty far. Yes, I guess I think 2022 maybe for some of them. 2023? 2023. So I'm just wondering, is there any other pending litigation with respect to these patents or any related patents in the family? There's pending litigation with respect to these two that are at issue here, and there's pending litigation with respect to a subsequent continuation patent. There is. Okay. So anything we do here, would that possibly affect that litigation? Potentially with respect to claim construction, I suppose could have some effect. If you make substantive decisions about what CLOBA teaches, I suppose that could have some effect. But the point is, everything that's been done here by the board are sui sponte theories. If Amazon wanted to prove that these weren't sui sponte theories, it would have been very easy to do so. It could have walked through each of them. It could have showed you where in the petition that particular theory was raised, and it has not done so, and there's a very good reason why it has not done so. That's a substantive legal violation. This court is very much in need of a refresher and an update on its case law with respect to this particular issue. And what I mean is extending cases like INRAE at Magnum Oil and Oren Technology, both of which Your Honor, Judge Shen was involved with. Those are the best cases out there for saying that a board's not allowed to rely upon its own sui sponte theories. But what's happened since those cases is that SAS has come down. SAS has spelled out the reasons why this is true and tied it into the statutory scheme that Congress established. Counsel, you wanted to save three minutes, so we'll give you three minutes for rebuttal. Yes, Your Honor. Thank you. Ms. McCullough. Good morning, Your Honors. May it please the Court. We heard a lot about sui sponte theories just now. I think Your Honor gave a good example of one theory that the board ruled on, analyzed in great detail, that unquestionably was presented in the petition. The other two theories that the board relied upon for independent findings that CLOBA discloses the managing limitations were theories made in response to arguments presented in the patent donor response. And the board found this expressly. There were two. One was that CLOBA unquestionably discloses a server that sends objects that are intended to be loaded onto client devices in response to that one-up transmission that identifies selected channels and selected preferences. Now, in the patent donor response, M2M was contesting the construction of management instructions. And it said, well, at a minimum, management instructions has to include data sent for the purposes of modifying an asset. Now, the board, and just as a side, I think that's at 1736, is where M2M proposed this in the patent donor response. The board agreed in the final written decision. It said, okay, management instructions, we're going to construe that to mean commands for commanding a device to perform a specific action, but that includes what M2M proposes, which is data sent for the purposes of modifying an asset. And the board found that's exactly what CLOBA discloses. The board cited the reply at pages 19 to 20, that's appendix 40, 58, and 49, where Amazon said in response to this construction argument proposed by M2M, that's an additional reason that CLOBA discloses this limitation. And the board agreed with that. The third independent basis for the board's finding that CLOBA discloses this limitation was under M2M's characterization of column 20 of CLOBA relating only to what's called delta synchronization instructions. Now, the board found that that didn't accurately, that wasn't an accurate characterization of CLOBA. But the board said that even if you could read the beginning of column 20 as applying only to delta-related synchronization instructions, those synchronization instructions would still have been based upon analyzing the selected channels and the preferences. All that information is what the server would have processed and then sent down the response of CLOBA, or delta instructions, rather. So each of those three independent bases for the board's finding, those were all based on either an argument that was presented in the petition or appropriate responsive arguments made pursuant to 4223B. I also want to just note that... This is a legal matter. You're saying that you pointed to one thing in CLOBA as meeting the managing limitation under M2M's narrower construction. And then you said the board found three different things in CLOBA that meet the managing limitation under M2M's narrower construction based on something that the patent owner said, and then you rebutted that. And I guess what I'm wondering is, at the bottom, the final written decision is now relying on three different independent bases for CLOBA teaching this claim limitation when the petition only raised one of those things. And why would it be permissible for the board in a final written decision to go outside the framework of what you actually proposed in the petition to identify other things not raised by you in the petition as meeting the managing limitation? Well, I'd say two things, Your Honor. First, one of those three things unquestionably was raised in the petition. That's not my question. Then I would say, also, Your Honor, under CFR 4223B, petitioner is allowed to respond to arguments that are raised in the patent owner response. That is what those second and third areas are. Right, but what happened here sounds like your version of a rebuttal ended up expanding out the theory for why CLOBA teaches this particular claiming limitation beyond the four corners of what was actually proposed in the petition. Am I right or wrong? I mean, for example, you didn't propose that the deltas in CLOBA met the managing limitation under M2M's narrower construction in your petition. Is that fair to say? That's correct, Your Honor. Okay, but the board ultimately found that CLOBA meets this managing limitation because of this delta thing in CLOBA. Right? I think that's not exactly what the board found, Your Honor. The board did say that this didn't expand or change the nature of what petitioner argued in the petition. What petitioner argued in the petition is that this one down transmission from CLOBA's server, that includes synchronization instructions and objects that was in the petition. Those synchronization instructions and objects are then used to load the requested objects, all associated objects, onto the client. In response to patent donors' arguments that no, that portion of CLOBA, that disclosure in CLOBA, did not describe management instructions, petitioner explained that even the alleged defects in that passage in CLOBA, those were, in fact, additional examples of management instructions. Even if you argued that this set of synchronization instructions it sent down, that, for some reason, only applied to deltas. That's incorrect, and the board found that that wasn't an accurate way to characterize CLOBA. But if it was, that would be the same thing that the petition had pointed to. And if you're talking about objects that are sent down in that one down transmission, again, the petition pointed to that one down transmission that was sent for purposes of loading the requested objects onto the client. So the board found that this wasn't an expansion. It wasn't a change of what the petition had presented. Just in response to patent donors' arguments raised in the response, there were additional ways in which CLOBA's disclosure met this limitation. Can you just describe how the deltas fits within what you actually said at A396? So again, Your Honor, we did not rely specifically on deltas. I know, but the board did, at least in part. So I'm just trying to understand why is it that the board's reliance on the deltas actually fits within what you proposed at A396. So at A396, the petition also cited back to its earlier discussion for this particular limitation. As Your Honor noted, the A396 passage does not rely on the earlier section of Column 20, which is what M2M says applies specifically to deltas. But earlier in this discussion of the managing instructions, the petition did. And for example, at 395, it specifically noted that in response to receiving that one-up transmission from the client that includes user selection of channels and preferences, as well as deltas to the server in the one-up transmission, in response, the server will send all synchronization instructions and related objects to the device in that one-down transmission. And their petitioner did cite the earlier portions of Column 20, which is what M2M now relies on as relating to delta instructions. So that passage at A395 talks about the deltas in the one-up transmission, right? It doesn't say in the one-down. Well, Your Honor, this is exactly the point. If this one-down transmission is only related to deltas, which is what M2M argues, then the petition relied on that. It cited that directly. If it's not, if it's more expansive and it relates to instructions to synchronize the client device, which is what Amazon believes and the Board found to be the correct interpretation of CLOBA, then CLOBA again discloses this managing limitation, even under M2M's narrow construction. I would note also, Your Honors, that as Judge Tan noted, I think, at the beginning, that we only get to the Board's fact findings if the Court overturns the plain meaning construction of managing. And I would say only that the language of the claim, which modifies the term managing with the clause based on the results of processing the consumer information, consumer usage information, that plain language compels the Board's broad construction. Is there any reason why Amazon needs us to reach that managing claim construction dispute? If we agreed that under M2M's construction, not only was theory preserved, but the unpatentability ground that the Board reached based on that narrow construction is supported by substantial evidence? No, Your Honor. And that's because in that additional continuation patent that counsel referenced a moment ago, M2M has amended the claim language so that the plain language does recite management instructions that are based on the results of processing consumer usage information. So there is no later pending case or later patent that would be affected by that construction determination. Is there an IPR on that continuation patent? Yes, Your Honor. What's the status of that IPR? It's been instituted and I believe it's fully briefed, except for the SIR reply. Does it rely on CLOBA? It does rely on CLOBA. Does the Court have further questions? Thank you, counsel. Thank you. Mr. Hench, who has three minutes for rebuttal. Judge Chen, now that I've had a moment to think, let's go back to your initial point. You asked me about a passage on Appendix 396 talking about an Amazon theory about using management instructions to download new files onto the device. Yes, Amazon raised that theory in the petition. But the point is that the PTAB did not address that theory and in fact denied that it had ever even been raised at all and went on to instead rely solely upon its own sua sponte theories. So if you quickly would want to look, please, at page 126 of the appendix. Here you see in the top paragraph where M2M tried to argue against Amazon's downloading theory and say Amazon's wrong, those instructions wouldn't download and they wouldn't be based upon the consumer information. The PTAB said Amazon didn't raise a downloading theory. So whatever you're saying, M2M, is completely irrelevant because that isn't even the theory that Amazon raised about downloading. Could you point me where on page 126? It's on page 126 in the top paragraph. And it's also, again, in the other IPR, it would be on page 261. These are parallel sites from the two different IPRs. So this was the problem. Could you just read a sentence because I'm not connecting what you're arguing with what I'm reading. It's saying that M2M's line of argument does not address the petitioner's showing when M2M was arguing about those instructions not acting as downloading instructions. The board is saying Amazon didn't even argue that they were downloading instructions and so you're not even responding to Amazon's argument. The point is the board didn't adopt Amazon's arguments. It adopted only its own arguments. The board did not adopt theories about the management instructions being downloading instructions for new files. Instead, the board adopted theories that the management instructions would instead modify existing files that already resided on the mobile devices. And that's not true, first of all, and that's not what Amazon ever argued. So, you know, look no further than, I'll give you a perfect example from each of the two IPRs. In the first IPR, the 1204, at the very heart of the board's entire analysis was that instructions at column 21, lines 1 to 2 from CLOBA satisfied the managing claim element. The board cited those instructions 12 to 15 different times in its analysis and it was the linchpin of its entire analysis. Guess what? Amazon never cited or relied upon those instructions from CLOBA at any time in the IPR proceedings, in its petition or elsewhere. That paragraph is talking about figure 1X, right? That paragraph that starts at column 20 and ends at column 21. It's talking about embodiment figure 1X, right? The instructions I just referred to come after the figure 1X. It's talking about figure 1X. That paragraph. Which paragraph? The paragraph in which the citation to column 21 lines 1 to 2. No, the instructions in 21.1 to 2 are a further embodiment that comes after the discussion of 1X. And 1X itself is simply a description of downloading but without any reference to instructions. So 1X is not really relevant to finding the instructions that we need to find. The second example in the other petition, the 1205. Every theory that the board raised for unpatentability relied upon the Hoyle prior art reference as supposedly teaching the idea that existing files already residing on the mobile devices would be modified and therefore that Delta instructions or some similar synchronization instructions would be based upon tracked client behavior information. That argument about Hoyle, which infuses every argument the board made in the 1205 petition, was never raised at all in the petitions or in the proceedings whatsoever. And indeed, Amazon's only position was that Hoyle taught using tracked client behavior to choose new targeted advertisements for downloading. As you see, your red light is on, and I think that concludes your argument. The case is submitted. Thank you, sir. I recommend you go back and look at JA 1494 to 95, column 20 to 21, about figure 1X. Yeah.